IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RICKY MARTIN, Natural Father and
Wrongful Death Beneficiary                                                PLAINTIFF

v.                                         CIVIL ACTION NO. 1:16-cv-00187-GHD-DAS

CANYON BOYKIN, JOHNNY BRANCH,
YOLANDA YOUNG, and GARRETT MITTAN,
Individually and in Their Official Capacities as
Officers of the Columbus Police Department;
TONY CARLETON, Individually and in His
Official Capacity as the Chief of Police of the
Columbus Police Department; and
CITY OF COLUMBUS, MISSISSIPPI                                             DEFENDANTS

## MEMORANDUM OPINION GRANTING DEFENDANTS' MOTIONS TO DISMISS

Presently before the Court are two motions: a motion to dismiss [13] filed by Defendants City of Columbus and Tony Carleton which the other Defendants have joined [18 & 34]; and a motion to dismiss [22] filed by Defendant Canyon Boykin which the other Defendants have joined [35, 38, & 45]. Upon due consideration, the Court finds the motions to dismiss are well taken and must be granted.

### I. *Factual and Procedural Background*

On October 14, 2016, Plaintiff Ricky Martin ("Plaintiff Martin"), "as natural father and wrongful death beneficiary" of the deceased, Ricky Javentia Ball ("Decedent"), filed this action against Defendant City of Columbus, Mississippi, as well as the following Defendants in their individual and official capacities as officers of the Columbus Police Department: Canyon Boykin ("Defendant Boykin"), Johnny Branch ("Defendant Branch"), Yolanda Young ("Defendant Young"), and Garrett Mittan ("Defendant Mittan"); and Tony Carleton in his individual and official capacity as Chief of Police of the Columbus Police Department ("Defendant Carleton")

1

(collectively, "Defendants").[1] It is undisputed that Decedent was shot and killed by police in Columbus, Lowndes County, Mississippi. Plaintiff Martin, the putative natural father of Decedent, contends that Decedent's estate is entitled to damages under 42 U.S.C. § 1983, as well as state law claims, for the alleged wrongful death of Decedent. Defendants argue that the fatal shooting of Decedent was in self-defense.

On February 8, 2017, Defendants Carleton and City of Columbus filed a motion to dismiss for failure to state a claim and lack of jurisdiction [13] which was subsequently joined in by the other Defendants [18 & 34]. Plaintiff Martin filed a response in opposition, and Defendants filed a reply. Plaintiff Martin then filed an untimely memorandum brief in support of his response in opposition, and Defendants filed an amended reply.

On February 14, 2017, Defendant Boykin filed a motion to dismiss for lack of jurisdiction [22] which was subsequently joined in by the other Defendants [35, 38, & 45]. Plaintiff Martin filed a response in opposition, and Defendants filed a reply and supplement to their motion. Plaintiff Martin filed a response to the supplement.

## II. Analysis and Discussion

Three issues are before the Court on the present motions to dismiss: (1) whether Plaintiff Martin has standing to bring the claims asserted in the case *sub judice*; (2) whether this case should be dismissed or consolidated with the *Royal* case; and (3) whether the Mississippi Tort Claims Act state law claims are barred by failure to provide pre-suit notice. Because the Court finds that Plaintiff Martin does not have statutory standing, the case must be dismissed. The Court need not and does not address the remaining issues.

---

[1] Prior to the filing of the case *sub judice*, on September 29, 2016, Paul N. Royal, as administrator *ad litem* for the Estate of Ricky Javentia Ball, deceased, and on behalf of the wrongful death beneficiaries of Decedent, filed a 42 U.S.C. § 1983 and wrongful death case against the same Defendants who are sued in this case. *See Paul N. Royal, as Administrator Ad Litem for the Estate of Ricky Javentia Ball, Deceased, and on Behalf of All Wrongful Death Beneficiaries v. Canyon Boykin et al.*, Civil Action No. 1:16-cv-00176-GHD-RP.

As stated, the dispositive issue in this case is whether Plaintiff Martin has statutory standing to bring this case, which asserts Section 1983 and state law claims. The type of standing at issue is not Article III standing, but statutory standing. "[S]tatutory standing is not indicative of Article III jurisdictional standing." *Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 332 (5th Cir. 2014). "If a plaintiff does not have statutory standing, he lacks a cause of action, and the action should be dismissed under Federal Rule of Procedure 12(b)(6)." *Walker v. New Orleans City, La.*, No. 16-31229, 2017 WL 3467879, at *1 (5th Cir. Aug. 11, 2017) (per curiam) (citing *Malvino v. De lluniversita*, 840 F.3d 223, 229–30 (5th Cir. 2016); *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of . . . statutory standing is properly granted under Rule 12(b)(6)."))[2] "[W]hether or not a particular cause of action authorizes an injured plaintiff to sue is a merits question . . . not a jurisdictional question." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008).

Therefore, although Defendants in the case *sub judice* urge their motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as a challenge to the Court's subject-matter jurisdiction and Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the issue of statutory standing presents a challenge to the merits of the action under Rule 12(b)(6). The Court will thus consider the motion as one filed solely under Rule 12(b)(6).

---

[2] For the exercise of federal jurisdiction to be proper, the party seeking to invoke federal jurisdiction must have constitutional standing under Article III of the United States Constitution. *Bond v. United States*, 564 U.S. 211, 217, 131 S. Ct. 2355, 180 L. Ed. 2d 269 (2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). The party seeking to invoke federal jurisdiction has the burden of establishing standing. *Osterweil v. Edmonson*, 424 F. App'x 342, 343 (5th Cir. 2011) (per curiam) (citing *United States v. Hays*, 515 U.S. 737, 743, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995)).

"Standing to bring a [Section] 1983 claim 'is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in [Section 1983's] administration.'" *Walker*, 2017 WL 3467879, at *1 (quoting *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004)). "Thus, in order to have statutory standing to bring a [Section] 1983 claim on behalf of another, a plaintiff 'must have standing under the state wrongful death or survival statutes.'" *Id.* (quoting *Pluet*, 355 F.3d at 383); *accord Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 208–09 (5th Cir.), *cert. denied*, 137 S. Ct. 304, 196 L. Ed. 2d 223 (2016), *reh'g denied*, 137 S. Ct. 545, 196 L. Ed. 2d 440 (2016) ("[Section 1988 incorporates wrongful death statutes."). "A party must have standing at the time the complaint is filed." *Pluet*, 355 F.3d at 386.

If Plaintiff Martin has statutory standing, he can assert both the Section 1983 claims and state law claims against Defendants. If Plaintiff Martin does not have statutory standing, he cannot bring any of the claims in this case, and his claims must be dismissed.

Mississippi's wrongful death statute is Mississippi Code ¶ 11-7-13. *Pioneer Cmty. Hosp. of Newton v. Roberts*, 214 So. 3d 259, 259–60 (Miss. 2017). The statute provides in pertinent part:

> <u>The action for such damages may be brought</u> in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or <u>by the parent for the death of a child</u> or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. . . . The list of persons in this section who may bring a wrongful death action is exclusive and only those persons shall be considered

4

> interested parties who are entitled to bring an action under this section.

MISS. CODE ANN. § 11-7-13 (emphases added). As stated above, Plaintiff Martin is the putative natural father of Decedent, who died intestate. *See* Lowndes Cty. Chancery Ct.'s Order Determining Heirs at Law [42-2] ¶ 1. The statute "appl[ies] .. to the natural father on account of the death of the illegitimate child . . . , and [he] shall have all the benefits, rights[,] and remedies conferred by this section on legitimates, if the survivor has or establishes the right to inherit from the deceased under Section 91-1-15." *Estate of Smith v. Smith ex rel. Rollins*, 130 So. 3d 508, 512 (Miss. 2014) (emphasis added); *see Burdette v. Crump*, 472 So. 2d 959, 961 (Miss. 1985) ("the right of the biological father to claim by or through his illegitimate offspring" is established by statute).

Section 91-1-15 provides in pertinent part as follows:

> [T]he natural father of an illegitimate and his kindred shall inherit from and through the illegitimate according to the statutes of descent and distribution if:
>
> . . .
>
> (b) [t]here has been an adjudication of paternity or legitimacy before the death of the intestate; or
>
> (c) There has been an adjudication of paternity after the death of the intestate, based upon clear and convincing evidence, in an heirship proceeding under Sections 91-1-27 and 91-1-29. However, no such claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less; and such time period shall run notwithstanding the minority of a child. This one-year limitation shall be self-executing and may not be tolled for any reason, including lack of notice. If an administrator is appointed for the estate of the intestate and notice to creditors is given, then the limitation period shall be reduced to ninety (90) days after the first publication of notice, if less than one (1) year from the date of the

5

intestate's death; provided actual, written notice is given to all potential illegitimate heirs who could be located with reasonable diligence.

(d) The natural father of an illegitimate and his kindred shall not inherit:

(i) From or through the child unless the father has openly treated the child as his, and has not refused or neglected to support the child.

MISS. CODE. ANN. § 91-1-15(3)(b)–(d)(i).

Thus, to satisfy the statute and qualify as an heir at law of Decedent, Plaintiff Martin was required to demonstrate both paternity and that he openly treated Decedent as his child and did not refuse or neglect to support Decedent. *See Estate of Patterson v. Patterson*, 798 So. 2d 347, 350 (Miss. 2001) (burden of proof in chancery proceeding to determine heirs at law and wrongful death beneficiaries was "to prove by clear and convincing evidence not only that Juan was the biological father of Jaquarius, but also that he was entitled to inherit from Jaquarius as heir-at-law and as a wrongful death beneficiary"); *Bullock v. Thomas*, 659 So. 2d 574, 576 (Miss. 1995) (wrongful death statute "plainly says" that putative natural father may not inherit from illegitimate child "unless he satisfies both requirements—that he openly treated [the decedent] as his and did not refuse or neglect to support [the decedent]").

Plaintiff Martin claims his paternity was established because he was adjudged the natural father of Decedent in a proceeding prior to Decedent's death per Section 91-1-15(3)(b). Plaintiff Martin acknowledges that he has raised this argument for the first time in response to the motions to dismiss in this case and that he did not raise the issue in the chancery court determination of heirship proceeding. Decedent's birth certificate reflects that Decedent was born on December 3, 1988; no father is listed. *See* Decedent's Birth Certificate [22-1]. On July 26, 2004—apparently, when Decedent was 15 years old—the Mississippi Department of Human

Services filed a complaint to determine paternity and for other relief in the Chancery Court of Lowndes County, Mississippi [44-2]. The complaint—which was filed against Plaintiff Martin on behalf of the then-minor child, Decedent, and his biological mother—argued that Plaintiff Martin was the father of Decedent and "[was] therefore under a legal duty to provide support for [Decedent] . . . ." See Compl. Determine Paternity & for Other Relief [44-2] ¶ 4. Subsequently, the Chancery Court of Lowndes County, Mississippi entered a Judgment determining paternity and other relief [30-1], adjudging that Decedent's mother gave birth to Decedent out of wedlock and that Plaintiff Martin was Decedent's father. See Lowndes Cty., Miss. Chancery Ct.'s J. Determining Paternity & Other Relief [28-1] ¶¶ 3–4. The Mississippi Supreme Court has considered a chancery court's judgment of paternity in an action brought by a local department of human services "a prior adjudication of paternity" for purposes of Section 91-1-15(3)(b). See *Hogan v. Buckingham ex rel. Buckingham*, 730 So. 2d 15, 20 & n.1 (Miss. 1998). Nonetheless, even if this judgment of paternity satisfies the first requirement of the statute, to be determined an heir at law of Decedent, Plaintiff Martin also had to satisfy Section 91-1-15(3)(d)(i).

Defendants argue that Plaintiff Martin failed to show by clear and convincing evidence that he is an heir at law of Decedent under Mississippi Code § 91-1-15, and hence, that the Chancery Court of Lowndes County, Mississippi entered the Order Determining Heirs at Law [42-2], wherein the chancellor ordered that Decedent's sole heir at law was the minor child MSH. Defendants further argue that Plaintiff Martin failed to satisfy Mississippi Code § 91-1-15 within one year of Decedent's death on October 16, 2015, or within 90 days after the first publication to creditors to present their claims.

On this point, the Court finds as follows. After the death of Decedent, a summons by publication [42-1] was submitted, instructing all unknown heirs at law of Decedent to appear as a

defendant in a proceeding to determine the heirs at law of Decedent. *See* Summons by Publication [42-1] at 1–2. On March 20, 2017, the Chancery Court of Lowndes County, Mississippi held a hearing. At the heirship hearing, Plaintiff Martin appeared as a defendant and Decedent's maternal aunt, Elizabeth Cockrell, who filed the petition to determine Decedent's heirs at law, testified that she did not dispute that Plaintiff Martin was the father of Decedent. However, according to the transcript of that proceeding, Plaintiff Martin's attorney stated on the record that he had no proof in support of his position that Plaintiff Martin was an heir at law of Decedent. Lowndes Cty., Miss. Chancery Ct. Hr'g to Determine Decedent's Heirs at Law [44-1] at 4, 7, 11. After considering the matter, the Chancery Court of Lowndes County, Mississippi stated its findings on the record at the hearing, as follows: "The Court finds that the sole and only heir-at-law and wrongful[-]death beneficiary of [Decedent] is M[S]H." *Id.* at 15. On the day of the hearing, the Chancery Court of Lowndes County, Mississippi entered an Order determining the heirs at law of Decedent [42-2], finding that no heirs at law of the Decedent were found except MSH, who was the sole heir at law of Decedent. *See* Lowndes Cty., Miss. Chancery Ct.'s Order Determining Heirs at Law [42-2] ¶¶ 2, 4. In so finding, the chancellor determined that Plaintiff Martin did not establish paternity by clear and convincing evidence as required by the statute and was not an heir to the estate. *See* MISS. CODE ANN. § 91–1–15(3)(c). Even if proof of the paternity had been presented—which it was not—that alone is not sufficient to satisfy the requirements of the statute. Thus, as the sole heir at law of Decedent, MSH is entitled to inherit the entire estate, which is solely comprised of any damages received in the wrongful death suit brought on her behalf in the *Royal* case. *See Moore v. Roecker*, 124 So. 2d 473, 473 (Miss. 1960).

The Court next addresses Plaintiff Martin's argument that he is entitled to bring loss of society and companionship claims even if he is not an heir at law of Decedent. *See* Pl.'s Resp. to Defs.' Supplem. Brief Mot. Dismiss [43] ¶ 6. A wrongful death beneficiary can properly bring claims of loss of society and companionship under the wrongful death statute. *Estate of Eubanks v. Eubanks*, 197 So. 3d 861, 868 (Miss. 2015); *McGowan v. Estate of Wright*, 524 So. 2d 308, 311 (Miss. 1988). Furthermore, an adjudication of the heirs at law does not necessarily include an adjudication of the statutory wrongful death beneficiaries. For instance, an individual can be a wrongful death beneficiary but not be an heir to the estate. *See Estate of Eubanks*, 197 So. 3d at 864. However, in the chancery proceeding in Lowndes County, Mississippi, the chancellor determined <u>both</u> the heirs at law and the wrongful death beneficiaries.

The landmark Mississippi wrongful death case is *Long v. McKinney*, 897 So. 2d 160 (Miss. 2004). *See Shortie v. George*, No. 2015-CA-00944-COA, 2017 WL 2257582, at *2 (Miss. Ct. App. May 23, 2017) ("The review of every wrongful[]death claim in Mississippi begins with section 11-7-13 and [*Long*]."). In *Long*, the Mississippi Supreme Court stated:

> [Mississippi Code § 91-1-27] provides for a chancery determination of the heirs at law of a decedent; that is, those who inherit in the absence of a will. Although our statutes mandate no specific procedure for the identification of wrongful death beneficiaries, a chancery court may make such determinations. Those bringing the action, together with their counsel, have a duty to identify the beneficiaries, and they should do so early in the proceedings.

*Long*, 897 So. 2d at 175–76; *see Willing v. Estate of Benz*, 958 So. 2d 1240, 1257 n.16 (Miss. Ct. App. 2007) (citing *Long* for proposition that "[c]hancery court approval is necessary . . . for determination of wrongful death beneficiaries"). In the case *sub judice*, the chancellor found that even though Plaintiff Martin appeared as a defendant in the Chancery Court of Lowndes County, Mississippi, Plaintiff Martin was not an heir at law or wrongful death beneficiary of Decedent.

9

There is no indication in the record that Plaintiff Martin has appealed the ruling of the Chancery Court of Lowndes County, Mississippi. This Court will not disturb the ruling of the chancellor on the determination of heirship and wrongful death beneficiaries. For all of the foregoing reasons, because Plaintiff Martin is neither an heir at law nor a wrongful death beneficiary of Decedent, Plaintiff Martin lacks statutory standing to bring his claims. Therefore, the same must be dismissed.

### *III.   Conclusion*

In sum, the motion to dismiss [13] filed by Defendants City of Columbus and Tony Carleton and joined in by the other Defendants [18 & 34] is GRANTED, and the motion to dismiss [22] filed by Defendant Canyon Boykin and joined in by the other Defendants [35, 38, & 45] is GRANTED. Plaintiff Ricky Martin lacks statutory standing to bring these claims and this case. Therefore, all claims are DISMISSED, and this case is CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 5th day of September, 2017.

/s/ Sharion Aycock
SENIOR U.S. DISTRICT JUDGE